UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06-CV-00124-R

STEVEN E. JAVINS
PAMELA JAVINS                                                                    PLAINTIFFS

v.

FIVE STAR FREIGHT COMPANY, INC.
LONNIE LOVINGS TRUCKING COMPANY, INC.
OCEANSTAR, LLC
FREIGHTSTAR TRUCKING, INC.                                              DEFENDANTS

v.

TERRY R. BROWN
EMERALD ISLE MARINA, INC.                                  THIRD-PARTY DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Third-Party Defendants' Motion for Summary Judgment (DN 49). Defendant Freightstar Trucking, Inc. ("Freightstar") responded (DN 51) and Third-Party Defendants Terry R. Brown and Emerald Isle Marina, Inc. ("Third-Party Defendants") replied (DN 52). This matter is now ripe for adjudication. For the following reasons, Third-Party Defendants' Motion is GRANTED.

## BACKGROUND

This matter arises from an injury suffered by Plaintiff Steven Javins, who was struck by a floatation billet that he was helping to unload from a truck at Third-Party Defendants' marina. Javins, with his wife Pamela Javins, filed this action on August 8, 2006. On August 11, 2008, Freightstar was granted leave to file its Third-Party Complaint against Third-Party Defendants. Freightstar alleges in its Third-Party Complaint that Javins's alleged injury was a direct and proximate result of the negligence of Third-Party Defendants, their employees, servants and/or

agents. Freightstar states that it is entitled to a judgment of indemnity, contribution, and/or an apportionment instruction at trial in its favor against Third-Party Defendants.

Third-Party Defendant Terry Brown owns and operates the Emerald Isle Marina in Taylor County, Kentucky. Brown ordered new floating docks for the Marina from a manufacturer, who then ordered the floatation billets, or "floats," to be delivered to the Marina. Donnie Loos, a truck driver employed by Defendant Lonnie Lovings Trucking Company, Inc. ("Lovings") and working under a lease arrangement between Lovings and Freightstar, was originally scheduled to deliver the floats on the Wednesday prior to Thanksgiving. Loos, however, rescheduled the delivery to that Saturday. Because the Marina employees would not be at work that Saturday, Brown advised Loos that Loos would have to unload the trailer himself.

Prior to that Saturday, Brown spoke with Randy and Janice Buckner, a retired couple who stayed in a condo apartment owned by Brown and helped with the Marina and resort business. The Buckners volunteered to help Brown with the delivery. The Buckners were not paid to help unload the shipment, nor did they expect any payment. On the morning of the delivery, Randy Buckner stopped by his brother Jimmy's condo and asked Plaintiff Steven Javins ("Javins"), who was at Jimmy's, if he could he could help unload the floats delivery. Javins agreed to help. Javins was not paid for his service, nor did he expect payment.

While the trailer was being unloaded, Javins was struck by a float, knocked to the ground and rendered temporarily unconscious. His wife took him to the hospital later that day for testing. Ultimately, Javins underwent both surgery and rehabilitation.

**STANDARD**

Third-Party Defendants argue that they are entitled to summary judgment because Freightstar's Third-Party Complaint fails to state a claim against them for which relief can be granted, and because there are no issues of material fact which preclude judgment as a matter of law. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v.*

*Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

A defendant, as a third-party plaintiff, may bring into a case a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Pro. 14(a)(1). Thus, the Court must first determine whether Freightstar may be entitled to indemnity or contribution from Third-Party Defendants. Under Kentucky law, the right to indemnity "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). Tortfeasors are "in pari delicto" when they "are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Id.* at 778. When tortfeasors are "in pari delicto," a tortfeasor who satisfies more than its share of the judgment is entitled to contribution from a joint tortfeaser for its share. *Id.* at 778-79. In contrast, indemnity applies when "a constructively or secondarily liable party" has a right "to total indemnity from the primarily liable party with whom he/she is not in pari delicto." *Id.* at 780. Apportionment of liability has no application to the right to indemnity. *Id.*

Here, Freightstar argues that the jury may apportion at least some fault to Third-Party Defendants for their negligence in allowing Steven Javins to be present and assist in the unloading of the floats. In other words, Freightstar argues that it is possible for the jury to find that Freightstar is "in pari delicto" with Third-Party Defendants. Freightstar does not argue that

4

it is only constructively or secondarily liable.  Therefore, the Court finds that Freightstar cannot be entitled to indemnity from Third-Party Defendants.

Under Kentucky law, liability among joint tortfeasors is several only.  *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 27 (Ky. 1990).  Kentucky does not follow the common law rule that each negligent party may be held entirely responsible for a single indivisible injury.  *Id.*  As a result, one tortfeasor will not be required to pay more than its share of apportioned damages.  Therefore, the Court finds that Freightstar cannot be entitled to contribution from Third-Party Defendants because Freightstar's tort liability is limited to the damages found to be caused by Freightstar.  *See Kevin Tucker & Assocs., Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 (Ky. Ct. App. 1992).

In its Third-Party Complaint, Freightstar also requests an apportionment instruction.  Third-Party Defendants do not object to this request.  If the evidence at trial shows that Third-Party Defendants caused some portion of Plaintiffs' damages, then Freightstar may be entitled to an apportionment instruction.  *See id.* at 875; *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219, 228 (6th Cir. 1997) ("[I]f there has ever been an active assertion of a claim against the Third-Party– if the Third-Party has been impleaded by the original defendant, in other words– liability can be apportioned to the third-party defendant notwithstanding a dismissal prior to trial.").

In sum, because Third-Party Defendants may not be held liable under Kentucky law to Freightstar for all or part of Plaintiffs' claim against Freightstar, Third-Party Defendants must be dismissed from this action.  Nevertheless, Freightstar may be entitled to an apportionment instruction at trial because Freightstar has made an active assertion of a claim against Third-Party Defendants.

## CONCLUSION

For the foregoing reasons, Third-Party Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall follow.